UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ACCELERATED SOLUTIONS, LLC | § | |
| d/b/a ARx | § | |
| | § | |
| v. | § | CIVIL NO. 4:20-CV-499-SDJ |
| | § | |
| STAR MEDICAL CENTER, LLC | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Accelerated Solutions, LLC's ("ARx") Amended Motion to Confirm an Arbitration Award, (Dkt. #13), and Second Motion for Default Declaratory Judgment Confirming Arbitration Award, (Dkt. #15). Star Medical Center, LLC ("Star Medical") did not respond to either motion. Having considered the motions and the relevant law, the Court concludes that motion for default judgment should be **DENIED** and the motion to confirm the arbitration award should be **GRANTED**.

### I. BACKGROUND

ARx and Star Medical entered into an Extended Business Office Services Agreement (the "Agreement"), effective June 1, 2017. (Dkt. #13-1). The Agreement stipulates that the parties resolve disputes arising out of the contract through arbitration. (Dkt. #13-1 ¶ 8.1). The Agreement further provides that "judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (Dkt. #13-1 ¶ 8.1).

Alleging that Star Medical terminated the Agreement in breach thereof, ARx filed a demand for arbitration with the American Arbitration Association, in August 2018. (Dkt. #13 ¶¶ 6, 8). ARx was ultimately successful in the arbitration, and on

1

March 31, 2020, the arbitrator issued a final award against Star Medical in the amount of $419,311.99, including $294,398.66 in damages, $119,864.50 in attorney's fees, and $5,048.83 in costs. (Dkt. #13-2 at 7–8). ARx now requests that this Court confirm the arbitration award pursuant to 9 U.S.C. § 9 and award ARx its attorney's fees expended in seeking this confirmation.

Because Star Medical did not respond to ARx's motion to confirm the arbitration award, the Court presumes that Star Medical has no evidence to contradict the facts set forth in ARx's motion and that Star Medical does not contest the facts in the record. *See* Local Rule CV-7(d). ARx has also filed a motion for default judgment due to Star Medical's failure to respond to the motion to confirm.

## II. ARx's Motion for Default Judgment

The Court concludes that ARx's motion for default judgment should be denied because default judgment is not available for motions to confirm arbitration awards. Rule 55 of the Federal Rules of Civil Procedure, which governs default judgments, applies to civil actions where the court has nothing other than the allegations of the complaint before it. *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006). But under the Federal Arbitration Act ("FAA"), applications in court related to arbitration proceedings are to be treated as motions. *See* 9 U.S.C. § 6 ("Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions . . . ."). Therefore, a motion to confirm an arbitration award is just that—a motion—and not a complaint in an independent civil action to which Rule 55 applies. *Teverbaugh v. Lima One Capital, LLC*, No. 2:19-mc-159-KS-MTP, 2020 WL 448259, at *1 (S.D. Miss. Jan. 28, 2020).

2

Because Rule 55 does not apply to motions to confirm arbitration awards, default judgment is not proper when the opposing party fails to respond to the motion. *D.H. Blair*, 462 F.3d at 109. Unlike a complaint initiating an independent civil action, a motion for default judgment is accompanied by a record. *Id.* Courts should therefore enter judgment based on the record and not by default. *Id.* Thus, when an opposing party fails to respond to a motion to confirm an arbitration award, the proper course is to treat the motion as the court would treat an unopposed motion for summary judgment. *Id.* In other words, while courts may consider the fact that an opposing party does not controvert any of the facts in the record, the motion should only be granted if the record establishes that the movant is entitled to judgment as a matter of law. *See id.* at 109–10.

Because default judgment is unavailable as a remedy in this case, ARx's motion for default judgment is denied.

### III. ARx's Motion to Confirm the Arbitration Award

#### A. The Arbitration Award

With default judgment unavailable, the Court will proceed to address the merits of ARx's motion to confirm the arbitration award, treating it like an unopposed motion for summary judgment. *See D.H. Blair*, 462 F.3d at 109–10. Summary judgment is appropriate "when 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Shepherd ex rel. Estate of Shepherd v. City of Shreveport*, 920 F.3d 278, 282–83 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)). Here, there are no disputes as to the

facts in the record because Star Medical has not opposed ARx's motion. *See* Local Rule CV-7(d).

Under the FAA, a party to an arbitration proceeding may apply for an order confirming the arbitration award within one year after the award is made "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration. . . ." 9 U.S.C. § 9. A motion to confirm must be filed in a court specified in the agreement, or "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." *Id.* The party filing the motion to confirm should include with it the agreement and the arbitration award. *Id.* § 13.

Under the FAA, judicial review of an arbitration award is "extraordinarily narrow." *Prescott v. Northlake Christian Sch.*, 369 F.3d 491, 494 (5th Cir. 2004) (citing *Antwine v. Prudential Bache Sec., Inc.*, 899 F.2d 410, 413 (5th Cir. 1990)). Indeed, with regard to a request for an order confirming an arbitration award, the FAA provides that "the court *must* grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title." 9 U.S.C. § 9 (emphasis added). A district court may vacate an arbitration award when: "(1) the award was procured by corruption, fraud, or undue means; (2) there is evidence of partiality or corruption among the arbitrators; (3) the arbitrators were guilty of misconduct which prejudiced the rights of one of the parties; or (4) the arbitrators exceeded their powers." *Harris v. Parker Coll. of Chiropractic*, 286 F.3d 790, 795 (5th Cir. 2002) (citing 9 U.S.C. § 10(a)). Courts may vacate an arbitration award also

if the award displays "manifest disregard of the law" or is "contrary to public policy." *Kergosien v. Ocean Energy, Inc.*, 390 F.3d 346, 353 (5th Cir. 2004).

Under 9 U.S.C. § 11, a district court may modify or correct an arbitration award when: (1) there was an evident material miscalculation or mistake referred to in the award; (2) the arbitrators awarded upon a matter not submitted to them that affects the merits of the decision upon the matter submitted; or (3) the award is imperfect in matter of form not affecting the merits of the controversy.

Pursuant to 9 U.S.C. § 13, ARx included with its motion to confirm a copy of the Agreement and a copy of the arbitrator's award. The Agreement states that "[a]ny controversy or claim arising out of or relating to this Agreement . . . shall be settled by arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrator(s) may be entered in any court having jurisdiction thereof." (Dkt. #13-1 ¶ 8.1). Arbitration agreements are "valid, irrevocable, and enforceable" where there is "[a] written provision in any . . . contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract." 9 U.S.C. § 2. Thus, the dispute between ARx and Star Medical is arbitrable and governed by the FAA.

ARx filed its motion to confirm in accordance with the rules set out in the FAA. ARx's motion to confirm was properly filed in this Court, as the Agreement specifies that "the applicable court in Collin County, Texas shall have exclusive jurisdiction for any dispute arising from this agreement." (Dkt. #13-1 ¶ 8.6). The Sherman Division of the Eastern District of Texas includes Collin County, Texas, and federal

court is an "applicable court" because there is federal subject-matter jurisdiction over this dispute as there is complete diversity of citizenship between ARx and Star Medical and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a). ARx's motion to confirm was also timely filed within one year of the rendering of the arbitrator's final award. *See* 9 U.S.C. § 9.

The arbitrator found that ARx was entitled to recover damages from Star Medical for breaching the Agreement by failing to pay invoices and improperly terminating ARx's data access. (Dkt. #13-2 at 7–8). The arbitrator also found that ARx was entitled to attorney's fees and associated costs. (Dkt. #13-2 at 8). The Court concludes from the undisputed record that the arbitrator's award does not implicate any of the limited statutory grounds set out in the FAA that would require vacatur or modification of the award. *See* 9 U.S.C. §§ 9–11. And upon review of the Agreement, (Dkt. #13-1), and the arbitrator's final award, (Dkt. # 13-2), the Court concludes that the award is not "contrary to public policy" nor does it constitute a "manifest disregard of the law." *See Kergosien*, 390 F.3d at 353. Therefore, ARx's motion to confirm the arbitration award is granted, and the arbitration award will be confirmed in its entirety.

## B. Attorney's Fees

ARx seeks $4,702.50 in attorney's fees associated with this proceeding. (Dkt. #15-2 ¶ 5). This fee amount reflects 6.9 hours of legal services spent preparing the first motion to confirm an arbitration award and 3 hours spent preparing the motion for default judgment. (Dkt. #15-2 ¶ 5). Attorney's fees may typically be awarded where authorized by statute or contract. *Cable Marine, Inc. v. M/V Tr. Me*

*II*, 632 F.2d 1344, 1345 (5th Cir. 1980). Because the Agreement states that "[t]he prevailing party in any such arbitration will also be entitled to reimbursement of reasonable associated costs and attorney's fees involved with said arbitration," the Court concludes that ARx is entitled to reasonable attorney's fees for this proceeding. (Dkt. #13-1 ¶ 8.1). However, because default judgment is inapplicable to motions to confirm an arbitration award, ARx's motion for default judgment was unnecessary, and the Court concludes that attorney's fees related to that motion should not be included. Thus, the Court concludes that ARx is entitled to reasonable attorney's fees in the amount of $3,277.50.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED** that Accelerated Solutions, LLC's Second Motion for Default Declaratory Judgment Confirming Arbitration Award, (Dkt. #15), is **DENIED**. It is further **ORDERED** that Accelerated Solutions, LLC's Amended Motion to Confirm an Arbitration Award, (Dkt. #13), is **GRANTED**. The Court will issue a final judgment confirming the arbitration award by separate order.

**So ORDERED and SIGNED this 23rd day of July, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE